IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT JOE CRAWFORD,

        Plaintiff,                        No. 2:11-cv-2805 KJN P

    vs.

JOHN D. PHILLIPS, et al.,         ORDER AND

        Defendants.              FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff, proceeding without counsel, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff names the district attorney, deputy district attorney, sentencing judge, and public defender as defendants, and claims these defendants violated plaintiff's 1988 and 1991 plea agreements by sentencing plaintiff in 1996 under California's Three Strikes Law. Plaintiff seeks a court order remanding his criminal case back to state court for re-sentencing or holding a new hearing.

        Plaintiff has improperly filed his claim as a civil rights action. Generally, challenges to prison conditions are cognizable only through a 42 U.S.C. § 1983 suit, while challenges implicating the fact or duration of confinement must be brought through a habeas petition pursuant to 28 U.S.C. § 2254. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

        Here, plaintiff attempts to challenge the sentencing court's use of plaintiff's prior

1

convictions to enhance his prison sentence.  A successful challenge to plaintiff's conviction would necessarily impact the fact or duration of his confinement.

A civil rights complaint seeking habeas relief should be dismissed without prejudice to bringing it as a petition for writ of habeas corpus.  Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).  However, in the instant case, plaintiff previously challenged his 1996 conviction for second degree burglary under California's Three Strikes Law.  See Crawford v. Smalls, 2:98-cv-2105 GEB DAD P (E.D. Cal.) (petition denied on the merits).[1]  In Crawford v. McDonald, 2:09-cv-3187 WBS DAD P, plaintiff again challenged the 1996 conviction, claiming the trial court misinterpreted state law in sentencing plaintiff under California's Three Strikes Law, and the district attorney violated two of plaintiff's previous plea agreements.  2:09-cv-3187 WBS DAD P, Dkt. 10 at 2.  Plaintiff was informed that his 2009 petition was successive, and advised that he must first obtain authorization from the Court of Appeals for the Ninth Circuit before attempting to challenge his 1996 conviction again.  Id.  Therefore, it is inappropriate to grant plaintiff leave to amend.

In addition, plaintiff seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915.  However, because plaintiff fails to state a civil rights claim, and cannot rectify this by amendment, the court recommends denying plaintiff's motion to proceed in forma pauperis as moot.

Finally, plaintiff seeks appointment of counsel.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court does not

---

[1] A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

find the required exceptional circumstances.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to assign a district judge to this case; and

2. Plaintiff's October 24, 2011 motion to appoint counsel is denied; and

IT IS RECOMMENDED that:

1. Plaintiff's October 24, 2011 motion to proceed in forma pauperis be denied as moot; and

2. This action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 1, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

craw2805.56